## UNITED STATES DISTRICT COURT

## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | No. 3:02CR44(SRU) |
| | : | |
| | : | |
| versus | : | |
| | : | |
| | : | |
| **JEAN GERANCON** | : | May 10, 2005 |

## MOTION IN SUPPORT OF RESENTENCING NUNC PRO TUNC

The undersigned counsel submits this motion in support of the re-sentencing of the Defendant pursuant to the dictates of United States v. Booker/ Fanfan.

The decision in <u>United States v. Fanfan</u>,. 543 U.S.___ (2005) at 2, make the Sentencing guidelines non-mandatory and "effectively advisory." <u>Id</u>. In fact the court in <u>Fanfan</u> directs that the lower courts "to consider guideline ranges … but it permits the court to tailor the sentence in light of other statutory concerns as well." <u>Id</u>. The other statutory concerns are delineated in 18 U.S.C. 3553(a) (1) as the nature and circumstance of the offense and the history and circumstance of the defendant. <u>Id</u>. Further by excising the mandatory application of the guideline as stated in 18 U.S.C. 3553(b)(1), the remaining statutory provision regarding the imposition of a sentence is § 3553 (a)(1), which provides very broad criteria for courts to consider in imposing sentence. Accordingly, the sentence guidelines must be considered, however, so must the provisions of § 3553(a). <u>U.S. v. Fanfan</u> at 2.

It is Mr. Gerancon's position that the sentencing guidelines are now one of many factors a court may consider in sentencing a defendant. While it is true that courts must consider the guidelines, there is no mandate that they must be presumed reasonable, or for that matter,

followed at all. A court may consider the guidelines and conclude that their application to a particular defendant would result in an inappropriate sentence for a defendant and sentence the defendant to a sentence the court deems fit.  This court's decision would be reviewed for reasonableness which is a very deferential standard of review.

  Mr. Gerancon argues that the 100 to 1 disparity in the punishment between crack cocaine and powder cocaine is unreasonable and therefore sentencing him below the crack cocaine guideline would be a reasonable sentence. The sentencing commission itself presented congress with a report studying the sentence disparity between crack and powder cocaine and recommended to Congress that the crack cocaine guideline should be reduced to a drug quantity ration of 20 to 1. See Report to Congress, Cocaine and Federal Sentencing Policy May 2002, (pg. 107). The commission further recommends that the offense level for between 25 and 100 grams of crack cocaine should be a level 26. Id at 106. The amount attributed to Mr. Gerancon at his sentencing was 79.4 grams of crack cocaine, the corresponding offense level would be a 28 with a sentencing range of between 78 and 97 months. However, with a three level reduction for acceptance of responsibility the corresponding offense level would be 25 with a sentencing range of 57 to 71 months.

  Mr. Gerancon is asking the court to take into account the Sentencing Commission's own report to Congress and take the commissions recommendation as a reasonable sentence and sentence Mr. Gerancon accordingly. I have attached a copy of the Sentencing Commissions Report section Finding, Discussion and Recommendations, for the Court's review. If the Sentencing Commission itself is making these types of recommendations the court would be clearly be imposing a reasonable sentence based upon the commissions report.

        Respectfully submitted,
        JEAN GERANCON


    By: _____
        Francis L. O'Reilly, Esq.
        O'Reilly & Shaw, LLC
        87 Ruane Street
        Fairfield, CT 06430
        TEL: (203) 319-0707
        FAX: (203) 319-0128
        Fed. Bar. No. CT17505


## **CERTIFICATION**

I hereby certify that a copy of the foregoing motion was mailed on this 10th day of May 2005, to:

Robert Spector, Esq.
Assistant U.S. Attorney
United States Attorney's Office
157 Church Street
New Haven, CT 06510


        _____
        Francis L. O'Reilly