# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA      :

           v.                   :        Criminal No. 3:02CR44  (SRU)

JEAN GERANCON               :

## DECISION AND ORDER

Jean Gerancon pleaded guilty to possession with intent to distribute and distribution of five grams or more of cocaine base.  On September 19, 2003, I sentenced Gerancon principally to a term of imprisonment of 87 months, followed by a period of supervised release of five years. Gerancon appealed his sentence, arguing first that I should have departed downward from the Sentencing Guidelines range because the government engaged in sentencing manipulation, and second that the imposition of a mandatory Guidelines sentence violated the Sixth Amendment. In light of the Supreme Court's decision in *United States v. Booker*, 125 S. Ct. 738 (2005), and the Second Circuit's decision in *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005), the Court of Appeals remanded the case to permit me to consider whether to re-sentence Gerancon.

The *Crosby* decision requires me to consider whether I would have imposed "a materially different sentence, under circumstances existing at the time of the original sentence, if [I] had discharged [my] obligations under the post-*Booker/Fanfan* regime and counsel had availed themselves of their new opportunities to present relevant considerations."  *Crosby*, 397 F.3d at 117.  In short, treating the Sentencing Guidelines as advisory and after considering all the factors listed in 18 U.S.C. § 3553(a), if I would have imposed essentially the same sentence, then the Sixth Amendment error inherent in the prior use of mandatory Sentencing Guidelines would be harmless.  Conversely, if I would have imposed a non-trivially different sentence, then a full re-

sentencing under Rule 32 of the Federal Rules of Criminal Procedure would be required.

I have reviewed Gerancon's Presentence Report, the transcript of his sentencing on September 19, 2003, the government's memorandum in aid of sentencing dated April 27, 2005 (doc. # 52), and Gerancon's motion in support of re-sentencing nunc pro tunc dated May 10, 2005 (doc. # 54). I have treated the Sentencing Guidelines as advisory and have considered each of the factors set forth in 18 U.S.C. § 3553(a). For the reasons set forth below, I conclude that I would not have sentenced Gerancon to a non-trivially different sentence had the Sentencing Guidelines been advisory at the time of his sentencing.

Gerancon argues that his sentence should fall within the range of 57 to 71 months because the Sentencing Guidelines dramatically over-punish narcotics offenses involving cocaine base as compared to powder cocaine. Gerancon notes that the Sentencing Commission itself has sought to reduce the sentencing disparity between cocaine and crack. Indeed, the Sentencing Commission has done so three times. I am persuaded to follow the expert guidance of the Sentencing Commission on this issue and would have been inclined to impose a shorter term of incarceration, but for three factors that tend to negate the impact of the crack guidelines in this case.

First, the quantity of drugs attributed to Gerancon for purposes of calculating his base offense level was quite conservative. Records seized from Gerancon's residence strongly suggest that he dealt in larger quantities than I found at sentencing, based upon the parties' stipulation of the quantities sold to an undercover agent and possessed by Gerancon at the time of his arrest. Second, I declined to add two points to Gerancon's offense level calculation under U.S.S.G. § 2D1.1(b)(1) for possession of a firearm in connection with a drug trafficking offense. That ruling

was a very close call.  Gerancon did possess a firearm and the government presented photographs of Gerancon posing with that weapon and large amounts of cash, though not with narcotics. Finally, Gerancon was quite evasive during proffer sessions with the government, minimizing his role and providing incredible answers to basic questions about others from whom he obtained narcotics.  Although this conduct did not rise to the level of obstruction of justice, it does somewhat undercut Gerancon's acceptance of responsibility for his illegal conduct.

These countervailing factors did not cause me to sentence Gerancon above the guideline minimum when the Sentencing Guidelines were mandatory, because his guideline range was then quite high.  These factors become more important once Gerancon's guideline range is adjusted to account for the Sentencing Commission's view of the crack guidelines.  In sum, the factor that might have caused me to sentence Gerancon to a shorter term of imprisonment is balanced by three other factors that gain importance as Gerancon's sentencing range falls.  I believe that Gerancon's sentence of 87 months' imprisonment, followed by five years of supervised release, is "sufficient, but not greater than necessary, to comply with" the purposes of sentencing.  18 U.S.C. § 3553(a).

Because I would not have sentenced Gerancon to a non-trivially different sentence even under an advisory Sentencing Guidelines regime, Gerancon's motion for re-sentencing (doc. # 55) is denied.

It is so ordered.

Dated at Bridgeport, Connecticut, this 8th day of June 2005.


    /s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge